IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SHERRY IRVIN,**

**Plaintiff,**

v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

**Defendant.**                                                                  No. 10-85-DRH

## ORDER

**HERNDON, Chief Judge:**

Plaintiff Sherry Irvin has filed suit against the Commissioner of Social Security pursuant to **42 U.S.C. § 405(g)** seeking judicial review of the agency's decision denying disability benefits (Doc. 2). Before the Court is Plaintiff's *In Forma Pauperis* Application and Financial Affidavit (Doc. 6).

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." **Hutchinson v. Spink, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those

filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**. Plaintiff's motion survives **§ 1915(e)(2)** review. Plaintiff's motion and supporting affidavit adequately demonstrates her poverty status (Doc. 6). Further, the action appears to be neither frivolous nor malicious at this point. Thus, the Court cannot now conclude that the Complaint fails to state a claim or that the named Defendant is immune from suit.

Accordingly, the Court **GRANTS** Plaintiff's *In Forma Pauperis* Application (Doc. 6). If a summons is to be issued, Plaintiff's attorney will prepare the summons and the USM-285 forms for Defendant, the United States Attorney and the Attorney General and forward these documents to the Clerk of the Court for issuance. Once a summons, if any, is issued the Court **DIRECTS** the United States Marshal to obtain service on same. Costs of service shall be borne by the United States of America.

**IT IS SO ORDERED.**

Signed this 10th day of February, 2010.

/s/ *David R Herndon*
**Chief Judge**
**United States District Court**